IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDA BERNARD,

                                                ORDER

                    Plaintiff,

      v.                                    16-cv-461-slc

WOODSIDE RANCH, LLC; PHILADELPHIA
INDEMNITY INSURANCE COMPANY; and
BLUE CROSS BLUE SHIELD OF MICHIGAN,[1]

                    Defendants.

---

On June 27, 2016, defendants filed a notice of removal in this civil diversity action for breach of contract that plaintiff Linda Bernard commenced in the Circuit Court for Juneau County, Wisconsin. Dkt. 1. The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). As the party seeking to invoke federal diversity jurisdiction, defendants bear the burden of demonstrating that the complete diversity and amount in controversy requirements in 28 U.S.C. § 1332(a) are met. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). A review of the notice of removal reveals that defendants' allegations regarding the court's diversity jurisdiction are inadequate in at least three respects.

First, § 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir.1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). Because

---

[1] Plaintiff has stipulated to the dismissal of defendant U.S. Centers for Medicare and Medicaid Services. Dkt. 7.

defendants (and the state court complaint) allege that plaintiff Bernard and defendant Blue Cross Blue Shield are both citizens of Michigan, it appears that complete diversity of citizenship does not exist in this case.

Second, neither defendants' notice of removal nor plaintiff's state court complaint contain any allegations suggesting that the amount in controversy in this case will exceed the statutory minimum of $75,000. Plaintiff did not place a value on her claim and defendants have not explained why they believe that there is a reasonable probability that the amount in controversy exceeded $75,000 at the time of removal. *Chase*, 110 F.3d at 427 (To meet the amount in controversy requirement in a removal case, "our circuit requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'"); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (in determining whether amount in controversy exceeds minimum, court looks to facts at time of removal).

Finally, even if defendants can overcome the above two hurdles, they have failed to allege the proper citizenship of defendant Woodside Ranch, LLC. The notice of removal identifies Woodside as having "a principal office located in Northridge, California." Dkt. 1 at 3. However, "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted). Defendants have failed to identify the members of the LLC or their citizenship.

Therefore, IT IS ORDERED that defendants have until December 3, 2016 to show cause why this case should not be remanded to the Circuit Court for Juneau County, Wisconsin for lack of federal subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Plaintiff has until December 17, 2016 to respond. In complying with this order, the parties should keep in mind that for the purpose of diversity jurisdiction, the citizenship and not the residency of a party is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876

2

(7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Further, corporations are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)).

Entered this 10th day of November, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3